# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINO ZEPEDA GOMEZ,<br><br>    Plaintiff,<br><br> v.<br><br>MANAGEMENT TRAINING CORPORATION, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:12-cv-00518-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING MOTION TO REMAND AND RECOMMENDING DISMISSING ACTION FOR LACK OF JURISDICTION<br>(Doc. 12)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

  On April 5, 2012, defendants Lauri Watts, Michael L. Benov, Management Training Corporation, Burnett Rucker ("Defendants"), removed this action from Kern County Superior Court to federal court. Doc. 2; Doc. 3; Doc. 6; Doc. 7. Plaintiff Lino Zepeda Gomez ("Plaintiff"), is a federal prisoner proceeding pro se in this complaint. Doc. 3. On April 16, 2012, Plaintiff filed a motion to remand. Doc. 12. Plaintiff's complaint alleges claims of Eighth Amendment deliberate indifference to Plaintiff's medical need. Doc. 3 at 21-31. Plaintiff seeks compensatory, punitive and injunctive relief from Defendants, who were employed by Taft Correctional Institution, which is owned and operated by a private company. Doc. 3 at 22-23, 30.

  The United States Supreme court recently held that a *Bivens* remedy is not available to a prisoner seeking relief against the employees of a private prison. In *Minneci v. Pollard*, __U.S.__, 132 S. Ct. 617, 626 (2012), the Supreme Court held:

> [W]here . . . a federal prisoner seeks [relief] from privately employed
> personnel working at a privately operated federal prison, where the

> conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law . . . the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

*Minneci v. Pollard*, __U.S.__, 132 S. Ct. 617, 626 (Jan. 10, 2012); *accord Mirmehdi v. United States*, 689 F.3d 975, 980-81 (9th Cir. 2012). As in *Minneci*, Plaintiff alleges Eighth Amendment claims; seeks relief from Defendants who are employees of a private prison; and has an alternate remedy under state tort law.

The federal courts are courts of limited jurisdiction, and, where a court determines that it lacks jurisdiction, it "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Therefore, in accordance with *Minneci*, this Court lacks jurisdiction to decide a *Bivens* claim against Defendant employed by a private prison and dismissal is warranted. *Minneci v. Pollard*, __U.S.__, 132 S. Ct. 617, 626 (Jan. 10, 2012); *accord Mirmehdi v. United States*, 689 F.3d 975, 980-81 (9th Cir. 2012). As observed by the Ninth Circuit:

> "Courts created by statute can have no jurisdiction but such as the statute confers. No one of them can assert a just claim to jurisdiction exclusively conferred on another." *Sheldon v. Sill*, 49 U.S. 441, 449 (1850); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) (court lacking jurisdiction to hear a case may not reach the merits even if acting "in the interest of justice"); *The Wellness Cmty. v. Wellness House*, 70 F.3d 46, 50 (7th Cir. 1995) ("Parties are always put to some expense when they litigate in the wrong court and then suffer a jurisdictional dismissal, but this does not override the important principle that the federal courts are courts of limited jurisdiction.").

*Breed v. Hughes Aircraft Co.*, 253 F.3d 1173 (9th Cir. 2001).

Accordingly, the Court HEREBY RECOMMENDS that:

1. Plaintiff's motion for remand be granted (Doc. 12);

2. The action be DISMISSED, for lack of jurisdiction; and

3. All remaining motions be denied at moot.

///

///

///

1  These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    November 8, 2012

UNITED STATES MAGISTRATE JUDGE