# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINO ZEPEDA GOMEZ,<br><br>              Plaintiff,<br><br>   v.<br><br>MANAGEMENT TRAINING CORPORATION, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:12-cv-00518-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING MOTION TO REMAND AND RECOMMENDING DISMISSING ACTION FOR LACK OF JURISDICTION<br>(Doc. 12)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

On April 5, 2012, defendants Lauri Watts, Michael L. Benov, Management Training Corporation, Burnett Rucker ("Defendants"), removed this action from Kern County Superior Court to federal court. Doc. 2; Doc. 3; Doc. 6; Doc. 7. Plaintiff Lino Zepeda Gomez ("Plaintiff"), is a federal prisoner proceeding pro se in this complaint. Doc. 3. On April 16, 2012, Plaintiff filed a motion to remand. Doc. 12. Plaintiff's complaint alleges claims of Eighth Amendment deliberate indifference to Plaintiff's medical need. Doc. 3 at 21-31. Plaintiff seeks compensatory, punitive and injunctive relief from Defendants, who were employed by Taft Correctional Institution, which is owned and operated by a private company. Doc. 3 at 22-23, 30.

The United States Supreme court recently held that a *Bivens* remedy is not available to a prisoner seeking relief against the employees of a private prison. In *Minneci v. Pollard*, __U.S.__, 132 S. Ct. 617, 626 (2012), the Supreme Court held:

> [W]here . . . a federal prisoner seeks [relief] from privately employed
> personnel working at a privately operated federal prison, where the

> conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law . . . the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

*Minneci v. Pollard*, __U.S.__, 132 S. Ct. 617, 626 (Jan. 10, 2012); *accord Mirmehdi v. United States*, 689 F.3d 975, 980-81 (9th Cir. 2012).  As in *Minneci*, Plaintiff alleges Eighth Amendment claims; seeks relief from Defendants who are employees of a private prison; and has an alternate remedy under state tort law.

The federal courts are courts of limited jurisdiction, and, where a court determines that it lacks jurisdiction, it "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  Therefore, in accordance with *Minneci*, this Court lacks jurisdiction to decide a *Bivens* claim against Defendant employed by a private prison and dismissal is warranted. *Minneci v. Pollard*, __U.S.__, 132 S. Ct. 617, 626 (Jan. 10, 2012); *accord Mirmehdi v. United States*, 689 F.3d 975, 980-81 (9th Cir. 2012). As observed by the Ninth Circuit:

> "Courts created by statute can have no jurisdiction but such as the statute confers. No one of them can assert a just claim to jurisdiction exclusively conferred on another." *Sheldon v. Sill*, 49 U.S. 441, 449 (1850); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) (court lacking jurisdiction to hear a case may not reach the merits even if acting "in the interest of justice"); *The Wellness Cmty. v. Wellness House*, 70 F.3d 46, 50 (7th Cir. 1995) ("Parties are always put to some expense when they litigate in the wrong court and then suffer a jurisdictional dismissal, but this does not override the important principle that the federal courts are courts of limited jurisdiction.").

*Breed v. Hughes Aircraft Co.*, 253 F.3d 1173 (9th Cir. 2001).

Accordingly, the Court HEREBY RECOMMENDS that:

1. Plaintiff's motion for remand be granted (Doc. 12);
2. The action be DISMISSED, for lack of jurisdiction; and
3. All remaining motions be denied at moot.

///

///

///

1    These findings and recommendations will be submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14)
3 days after being served with these findings and recommendations, parties may file written objections
4 with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and
5 Recommendations."  Parties are advised that failure to file objections within the specified time may
6 waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

7

8 IT IS SO ORDERED.

9
   Dated:    November 8, 2012
10                                                                 UNITED STATES MAGISTRATE JUDGE